United States District Court
Southern District of Indiana
Indianapolis Division

Zachary J. McGinnis
(Plaintiff)
v.

Dr. Manning,
Dr. McCafferty,
Mental health Prof. Ball,
Mental health Prof. Lawson,
Unit Team Mgr. Shaver,
Cpt. Ernest,
Lt. Jackson,
Warden Dennis Reagle,
(Defendent's)

1:23-cv-02242-JMS-KMB

Prisoner Complaint 42 U.S.C
1983 and Demand for Jury Trial

## I. Introduction

1. This is a 1983 action filed by plaintiff Zachary McGinnis, a state prisoner, alleging violations of his constitutional rights to receive adequate medical care and treatment, his right to be free from discrimination as an american with mental health disabillities, as guaranteed by the U.S. constitution, and seeking injunctive relief and monetary damages and $1,000,000.00.

## II. Jurisdiction

2. Jurisdiction of this court is invoked pursuant to 28. U.S.C § 1983 in that this is a civil action arising under the consitution of the United States of america.

## III Parties

### A. Plaintiff

Plaintiff Zachary McGinnis, at all times relevant was confined by the Indiana Department of corrections at the Pendleton Correctional Facility. 4490 West Reformatory Road., Pendleton,

1.

### B. Defendants

3. Defendants; Dr. Manning, Dr. McCafferty, Mental Health Professional Lawson and Mental Health Professional Ball are all employed by Centurion at all times relevant to this compliant and worked at Pendleton Correctional Facility Located at 4490 West. Reformatory Road, Pendleton, IN 46064.

4. Defendants Unit Team manager Shaver, Super Intendant Reagle, Captain Ernest, Lt. Jackson at all times relevant to this compliant were employed by IDOC and worked at the Pendleton Correctional Facility Located at 4490 West. Reformatory Road. Pendleton, IN 46064.

### IV. Exhastion of Available Remedies

5. Pursuant to IDOC policy # 00-02-301 "The department recognizes only one (1) Grievance process. The griveance process avaliable in this is the only admistrative remedy offcerally recognized by, The department for resolution of offenders.

6. 00-02-301 "When there has been a delay in responding to a request for grievance, or an appeal that gose beyond time limits, The result shall be that the complaint, the griveance or the appeal is deemed denied and the offender is permitted to proceed to the next step of the grievance process."

7. "If no step remains, the offender has exhausted all remedies at the department level.

8. Mr. McGinnis filed grievance's and appeal's concerning claims raised in this action.

9. After receieving no response, plaintiff submitted request for Department Manager Appel.

10. upon receiving no appeal form for final review no steps was avaiable for exhaustion.

11. Thus Plaintiff exhausted such remedies as fulfill his burden, Per Ross v. Blake, 136 S. Ct. 1850, 1860; 195 L. Ed. 2d. 117 (2016) U.S. LEXIS 3614.

2.

2. "Remedies that rational inmates cannot be expected to use are not capable of accomplishing their purposes and so are not available") at. 1860.

3. Prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.

## V. Factual Allegations

4. Mr. McGinnis is an inmate at Pendleton Correctional Facility. It is documented that Mr. McGinnis suffers from Anti-social Personality disorder, ODD, PTSD, unspecific psychotic disorder, and ADHD.

5. He is labeled "Seriously Mentally Ill" (SMI) And his eight amendment right has been violated as well as the IPAS agreement for SMI offenders.

6. McGinnis was placed is segregation for a simple battery. IPAS agreement and IDOC Policy states "An offender who is S.M.I, Shall not do more than thirty (30) days in segregation unless he poses a threat to the safety or security of the facility.

7. Mr. McGinnis does not meet this criteria. Mr. Shaver violated Policy, labeled Mr. McGinnis a threat without due process and has kept Mr. McGinnis in segregation longer than permitted to the detriment of Mr. McGinnis mental well being.

18. Mr. McGinnis made defendants aware that being confined 24 hours a day for months was causing him to have Homocidal, suicidal, thoughts, hear voices, see moving shapes, trigger paranoia, have mental breaks, cause sleep deprivation and loss of appetite.

19. Still defendants failed to intervene, honor IPAS agreement or move McGinnis to mental health friendly facility.

20. Plaintiff made warden Reagle aware through grievance, requests and letter.

21. Mr. Reagle and other defendants were negligent, deliberately indifferent and continue to violate IPAS agreement and Plaintiff constitutional rights.

3.

### Cause of Action.

22. To determine if the eighth amendment was violated in the prison medical context, "The court performs a two-step analysis, first examining whether a plaintiff suffered from an objectively serious medical condition, and then determining whether the individual defendants were deliberately indifferent to that condition." Pettics v. Carter, 836 F. 3d 722, 727-28 (7th Cir. 2016) (en banc.)

23. "To show deliberate indifference a Plaintiff does not need to show that he official intended harm or believed that harm would occur," but "showing mere negligence is not enough." id at 728.

24. "Instead a Plaintiff must provide evidence that an official knew of and disregarded a substantial risk of harm." Id

25. Attached evidence, notes, grievances, and request forms consists of evidence that defendants were undoubtedly in Blatant violation of the Plaintiff's rights, IPAS agreement and continue to be deliberately indifferent.

### Relief Requested.

Wherefore Plaintiff requests the following relief:

A. Injunctive relief in form of immediate release from Segregation, transfer to appropriate facility with mental health treatment.

B. Provide Plaintiff proper mental health medication to avoid future pain and suffering.

C. order defendants to pay compensatory Punitive and monetary damages as well as court costs and attorney fees as well as $1,000,000.00

Respectfully submitted.

*Zachary McGinnis*
Signature.

### Certificated of service

I here by certify that on this day of Dec. the 9th, 2023 I electronically filed the foregoing with the clerk of the court using CM/ECF System which sent notification the following filings to:

Indiana Attorney General
302. W. Washington St.
Indiana Gov. Ctr. South, Fifth floor
Indpls, IN 46204-2770

IDOC
ATTN commissioner
302 W. Washington St.
Room 384E
4. Indpls, IN 46204